RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH DARNELL REED,<br>　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-00854 |
| VERSUS | |
| CITY OF ALEXANDRIA, et al.,<br>　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Defendants' motion to dismiss (Doc. 10) was referred to the undersigned Magistrate Judge for Report and Recommendation (Doc. 11). It is recommended that defendants' motion to dismiss be granted and that Reed's complaint be dismissed.

### Procedural History

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, with supplemental state law claims, by plaintiff Joseph Darnell Reed ("Reed"). The named defendants are the City of Alexandria through the Alexandria Police Department ("APD"), Christopher Cooper ("Cooper") and Matthew Delaney ("Delaney") (officers employed by the APD), and XYZ Insurance Company (liability insurer for the APD and its officers) (Doc. 1). Cooper and Delaney are sued in both their individual and official capacities (Doc. 1).

Reed contends that Cooper and Delaney used excessive force against him without probable cause to believe that Reed posed a

threat of physical harm to the officers, unlawfully arrested Reed without probable cause to believe Reed had committed a crime or that Reed posed a threat of physical harm, and violated Reed's right to substantive due process by abusing their authority (Doc. 1). Reed also alleges state law claims against Cooper and Delaney for unreasonable seizure of his person, violation of Reed's right to due process, battery, assault, false arrest, and intentional infliction of emotional distress (Doc. 1). Reed alleges a state law claim against Cooper and the City of Alexandria for malicious prosecution (Doc. 1). For relief, Reed asks for a jury trial, compensatory damages, punitive damages, attorney fees and costs (Doc. 1).

Defendants filed a motion to dismiss (Doc. 10) to which Reed responded (Doc. 12) and defendants replied (Doc. 13). Defendants' motion to dismiss is now before the court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Reed's Allegations

    Reed contends in his complaint that, on about September 20, 2011, Cooper and Delaney were patrolling Alexandria (in the same vehicle) when they passed Reed (Doc. 1). Reed contends that Nakia Clark ("Clark") was getting into Reed's vehicle when Cooper and Delaney passed him; after Reed drove off with Clark, he noticed Cooper and Delaney following him through his neighborhood (Doc. 1). Reed contends he drove home, Cooper and Delaney turned on their police lights, they blocked Reed's vehicle and pulled Reed out of it, and started choking Reed while throwing him against his car and to the ground, injuring his face, nose, chest, back, arms, and ribs (Doc. 1). Reed contends that Cooper and Delaney then placed drugs

in Reed's vehicle and falsely arrested Reed on numerous charges (Doc. 1). Reed's sister, Brianna Brooks called Acadian Ambulance, and Reed complained to Cooper and Delaney of his injuries, difficulty breathing, and coughing up blood, but Cooper and Delaney refused to allow the paramedics to treat Reed and instead took Reed to Huey P. Long Medical Center, where Cooper choked Reed several times and instructed Reed to refuse medical treatment (Doc. 1).

Reed contends that Cooper and Delaney then took Reed to the Rapides Parish Detention Center, but the jailers on duty refused to take Reed into their custody without paperwork indicating that he had either been treated for his injuries or had refused treatment (Doc. 1). Reed contends that Cooper choked Reed several more times, then Cooper and Delaney took Reed back to the Huey P. Long Medical Center where they threatened Reed with additional charges if he did not refuse medical treatment.

Reed contends he has been harassed by Cooper in the past and has previously complained to APD Sergeant Terry about Cooper (Doc. 1).

Prescription

Defendants contend that Reed's action should be dismissed because it was filed after the one year statute of limitation expired. Defendants assert the defense of prescription as to all of Reed's claims except his state law claim for malicious prosecution.

Reed was arrested on September 20, 2011. On September 20, 2012, Reed filed a Section 1983 action, alleging the same facts and including the same causes of action as in the case at bar, in Reed v. Christopher Cooper, et al., Case No. 1:12-CV-02535 (W.D.La.). That case was dismissed without prejudice for failure to comply with a court order on July 12, 2013.[1] Reed filed the instant action on April 21, 2014. In the current case, Reed has sued the same defendants[2] and alleges the same facts and essentially the same Section 1983 and state law causes of action as he did in the previous case, but he added a state law claim against Cooper and the City of Alexandria for malicious prosecution in the current case.[3]

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La. Civil Code art. 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S._ 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th Cir. 1986), or, under the doctrine

---

[1] One defendant in that case, the XYZ Insurance Co., had already been dismissed for failure to effect timely service of process.

[2] The only exception is that Reed did not again sue the Chief of the City of Alexandria Police in the current suit.

[3] Reed did not include all of his previous Section 1983 and state law claims in the current action.

of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Under Louisiana law, the pendency of an action can interrupt the limitations period. Rivera v. Baton Rouge City Police Dept. 75 Fed.Appx. 287, **1 (5th Cir. 2003), citing New York Life Ins. Co. v. Deshotel, 142 F.3d 873 (5th Cir. 1998). In New York Life Ins. Co., the Fifth Circuit explained that prescription is interrupted when the obligee commences action against the obligor (e.g., when the tort victim sues the tortfeasor) in a court of competent jurisdiction and venue. La. Civil Code art. 3462. "An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial." La. Civil Code art. 3463. La. C.C. art. 3466 provides: "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of

interruption."[4]

In the case at bar, Reed filed the current action after his first suit was dismissed for failure to comply with a court order. Therefore, prescription was interrupted by Reed's first suit from September 20, 2012, when it was filed, and the time that ran prior to September 20, 2012 is not counted. See <u>Williams v. State Farm Mut. Auto. Ins. Co.</u>, 2004-CA-2182 (La. App. 4th Cir. 5/18/05), 904 So.2d 782, 784. Reed's prescriptive period began to run anew when his first case was dismissed on July 12, 2013.

Defendants contend, however, that Reed's prescriptive period did not begin to run anew because his previous case was dismissed due to Reed's failure to comply with the court's case management order, pursuant to Fed.R.Civ.P. rule 41(b)[5] and the court's

---

[4] In cases in which a second suit is filed *prior to* abandonment, voluntary dismissal, or failure to prosecute the first suit, on the same cause of action between the same parties, the interruption provided by the first suit is still viable at the time of the filing of the second suit, and the interruption remains viable during the pendency of the second suit, even if the first suit is later dismissed. <u>New York Life Ins. Co.</u>, 142 F.3d at 883, citing <u>Deris v. Lee</u>, 613 So.2d 962 (La. 1993)(state action was not prescribed since it was filed while timely federal action was still pending).

[5] Fed.R.Civ.P. rule 41(b) states: "Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits."

7

inherent power to control its docket.[6] See Doc. 9 in Reed v. Christopher Cooper, et al., Case No. 1:12-CV-02535 (W.D.La.). Defendants contend that an involuntary dismissal for failure to comply with a court order is equivalent to abandonment or failure to prosecute as set forth in La. Civil Code art. 3463. Therefore, pursuant to Article 3463, Reed's prescriptive period was not interrupted by the first suit.

Where there has been a Rule 41(b) dismissal for failure to prosecute, interruption of prescription will be considered never to have occurred pursuant to article 3463. Green v. La. Dept. of Public Safety and Corrections, 2007 wl 1805728, *2 (W.D.La. 2007), citing Hilbun v. Goldberg, 823 F.2d 881 (5th Cir. 1987), cert. den., 485 U.S. 962, 108 S.Ct. 1228 (1988) (interruption in prescription caused by filing prior action was erased when action was dismissed for plaintiff's failure to prosecute pursuant to Fed.R.Civ.P. rule 41(b)). A federal court that dismissed without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed. Such a dismissal will result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint. Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995)(a dismissal

---

[6] See Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

without prejudice leaves the parties in the same legal position as if no suit had been filed). See also, <u>Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections</u>, 528 F.3d 375, 378 (5th Cir. 2008).

Pursuant to Fifth Circuit case law, Reed's action is prescribed; since Reed's first suit was dismissed for failure to comply with a court order pursuant to Rule 41(b), prescription was not interrupted by the first lawsuit. Under the facts presented by Reed in his complaint, any cause of action Reed may have had arising from his arrest culminated on September 20, 2011, the one year limitation period ran through September 20, 2012, and this suit was filed nineteen months after that date, on April 21, 2014.

Therefore, defendants' motion to dismiss (Doc. 10) should be granted on the basis that Reed's claims have prescribed and Reed's action should be dismissed with prejudice in its entirety with the exception of his state law malicious prosecution claims.

<u>Malicious Prosecution Claim</u>

Defendants conceded that Reed's malicious prosecution claim may not be prescribed.

As pointed out by the defendants, the date on which Reed's state prosecution concluded is unknown.[7] Therefore, it is not

---

[7] An action for malicious prosecution requires proof of the following elements: (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the

9

clear from the record before the court whether Reed's state law malicious prosecution claim is prescribed.

However, this court should dismiss Reed's state law malicious prosecution claim without prejudice. Although Reed has asserted the pendant jurisdiction of this court, this court's resolution of Reed's Section 1983 claims makes dismissal, without prejudice, of his state law claims proper. District courts have "supplemental jurisdiction" over claims so related to a federal question "that they form part of the same case or controversy," 28 U.S.C. §1367(a). Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956, 113 S.Ct. 2456 (1993); Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992).

The district courts may decline to exercise supplemental jurisdiction over a claim under §1367(a) if the district court has dismissed all claims over which it has original jurisdiction. Rodriguez, 980 F.2d at 1018; Stephens v. LJ Partners, 852 F.Supp. 597, 600 (W.D.Tex. 1994); Holt v. Lockheed Support Systems, Inc., 835 F.Supp. 325, 329 (W.D.La. 1993). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness and comity. Metropolitan

---

absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff. Hope v. City Of Shreveport, 37,359-CA (La.App. 2d Cir. 2003), 862 So.2d 1139, 1143 citing Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446 (La. 1987).

<u>Wholesale Supply, Inc. v. M/V Royal Rainbow</u>, 12 F.3d 58, 61 (5th Cir. 1994). The general rule in the Fifth Circuit is to dismiss state claims when the federal claims to which they are pendent are dismissed. <u>Enochs v. Lampasas Cty.</u>, 641 F.3d 155, 161 (5th Cir. 2011), and cases cited therein.

Since Reed's Section 1983 claims and other state law claims should be dismissed as untimely, it is recommended that Reed's state law claim for malicious prosecution be dismissed without prejudice, in the interests of judicial economy and comity.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 10) be GRANTED, that Reed's action against all defendants be DISMISSED, that all of Reed's claims except his state law claim for malicious prosecution be DISMISSED WITH PREJUDICE, and that Reed's state law claim for malicious prosecution be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of January 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE